# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Jenai M. Cerquoni\**
*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

October 16, 2018

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      RE:    **Chapter 13 Bankruptcy**
              **Case No. 14-17116 (ABA)**
              **Debtor(s) Name: Noreen Gul**

Dear Judge Altenburg:

Please accept this letter in lieu of a more formal response to Debtor's Motion to Approve Post-Petition Financing on shortened time returnable Tuesday, October 23, 2018, at 10:00 a.m.

Debtor comes before the Court fifty-four (54) months after her Chapter 13 Bankruptcy proceeding was filed on a Motion to Approve Post-Petition Financing. Debtor seeks permission to lease a 2019 BMW 530i for $589 per month for 36 months.

Debtor's Certification in Support of Motion indicates that on September 18, 2015, the Court granted Debtor permission to lease a 2015 BMW 428XI CPE at 12,000 miles per year with a monthly payment of $589.00. Debtor further states that she drives 120 miles roundtrip to work each day. However, the Debtor fails to remind the Court that the Trustee objected to the previous motion. The Trustee raised a concern that Debtor would be accruing more than 31,200 miles per year, which was well over the allowable mileage per the lease agreement. Since Debtor's case was only in the 17th month, the Trustee noted that the lease would terminate prior to the completion of the Chapter 13 Plan, thereby necessitating the need for Debtor to obtain post-petition financing again. The Trustee was concerned that Debtor would modify the plan to surrender the leased vehicle in an effort to avoid payment of any deficiency balance due on the vehicle. Debtor contended that she had a long-standing relationship with the dealership and any overage in miles would be forgiven.

The Court granted Debtor's previous Motion to Approve Post-Petition Financing with the caveat that upon termination of the current lease, the Court would not approve an administrative claim for excess mileage costs at the end of the lease, nor would the Court approve a modified plan that surrendered the vehicle and/or reduced the base amount being paid to unsecured creditors. Debtor was also required to increase the base to unsecured creditors by $90 per month. The Court further stated that if a claim for excess mileage is filed in this case, Debtor's case would be dismissed.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Andrew B. Altenburg, Jr.
Case No. 14-17116 (ABA)
October 15, 2018

    Should Debtor's present motion be granted, the Trustee requests that the previous conditions set forth by the Court be incorporated in the Order Approving Post-Petition Financing.

    As always, the Court is welcome to contact the Trustee with any concerns.

    Respectfully submitted,

*/s/ Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr.
Staff Attorney

RHS/jpa
cc:    David A. Snyder, Esquire (Via CM/ECF and e-mail)
       Noreen Gul (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**